ELECTRONICALLY FILED - 2020 Jun 25 5:10 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002924

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| Adam Jordan,<br>        Plaintiff,<br>vs.<br>Regions Banks, NA and Drew, Eckl & Farnham, LLP,<br>        Defendants. | Case No.<br><br>**SUMMONS** |

TO: THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

              DAVE MAXFIELD, ATTORNEY, LLC

              s/David A. Maxfield
              _____
              Dave Maxfield, Esq., SC Bar No. 7163
              P.O. Box 11865
              Columbia, SC 29211
              (803) 509-6800
              (855) 299-1656 (fax)
              dave@consumerlawsc.com

DATED: June 25, 2020
Columbia, South Carolina

ELECTRONICALLY FILED - 2020 Jun 25 5:10 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002924

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT |
| Adam Jordan,<br><br>            Plaintiff,<br>-versus-<br><br><br>Regions Banks, NA, and Drew, Eckl &<br>Farnham, LLP,<br><br>            Defendants. | **COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, complaining of the Defendant above-named, would show this Court:

## PARTIES & JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina, County of Richland.

2. Defendant Regions Bank ("Regions") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Alabama.

3. Defendant Drew, Eckl & Farnham, LLP is a limited liability partnership organized under the laws of the State of Georgia, with its headquarters, partners, and "nerve center" located therein.

4. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper based upon the non-residence of the Defendants.

## FACTUAL ALLEGATIONS

5. In or around September of 2018, an identity thief used Plaintiff's personal information without his knowledge or consent to open multiple credit

1

ELECTRONICALLY FILED - 2020 Jun 25 5:10 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002924

accounts including but not limited to accounts with Defendant Regions, of whom Plaintiff was as customer.

6. One of the accounts that Defendant Regions opened for the identity thief in Plaintiff's name ended in 5338, and exceeded approximately $30,000.00.

7. Shortly after the accounts were opened, Plaintiff received notices of the fraudulent inquiries and accounts from his credit monitoring service.

8. Plaintiff immediately filed a police report and notified Defendant Regions it had used his personal information to open a fraudulent account.

9. Defendant Regions conducted no meaningful investigation, violated the Fair Credit Reporting Act in multiple respects, and continued to collect from Plaintiff even after the identity thief was named, identified, and criminally prosecuted.

10. Because of Defendant Regions' actions – including its reporting the delinquent fraudulent account against Plaintiff's otherwise exceptional credit, Plaintiff filed an action captioned *Adam Jordan vs. Regions Bank, NA, et. al.,* Docket No. 2018-CP-40-6295, which was removed from the Richland County Court of Common Pleas to this Court, Docket No. 3:19-cv-00032-JMC.

11. On or about August 12, 2019 the parties entered into a Settlement Agreement.

12. Plaintiff at that point believed that the matter was concluded as to Regions.

13. Upon information and belief, however, after the parties' Settlement Agreement, despite having been placed on express notice that the account was fraudulent, having knowledge not only of the fact that the account had been opened by a thief (but being aware of the identity and prosecution of the thief), having been sued in this Court, having participated in litigation, and having resolved that litigation through a Settlement Agreement signed by one

2

ELECTRONICALLY FILED - 2020 Jun 25 5:10 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002924

of its Officers, Defendant Regions thereafter placed the account for collection from Plaintiff with a third-party debt collection law firm from Atlanta, Defendant Drew, Eckl, Farham, LLP ("DEF").

14. Defendant DEF acted at all times herein mentioned as the agent or apparent agent of Defendant Regions. All actions of Defendant DEF were committed within the course and scope of its agency, and were ratified by Defendant Regions.

15. On or about April 7, 2020, Defendant DEF, specifically identifying Regions as the creditor on whose behalf it acted, dunned Plaintiff for the express purpose of collecting $31,223.98 "owed' to Regions. See, **Exhibit A.**

16. The information supplied to Defendant DEF was provided to that firm by Defendant Regions, for the express purpose of collection from Plaintiff, despite Regions' unquestioned actual knowledge that Plaintiff did not owe it.

17. As a direct and proximate result of the foregoing Plaintiff (already having been ruefully mistreated by Defendant Regions) now finds himself once again subject to a collection effort on an account that – but for Regions' utter failure to protect him as its customer for initially – should never have been opened, let alone allowed to continue opened to the point where it was sent to collections.

18. As a direct and proximate result of the foregoing, Plaintiff is now faced with an unlawful and wrongful collection, humiliation, aggravation, lost time, and significant emotional distress.

19. The harms caused by Defendants are likely to be redressed by a favorable judicial decision, and through both injunctive relief, an award of damages, and assessment of fines and punitive damages, and attorney's fees and costs.

20. As a direct and proximate result of the negligent, careless, reckless, willful, and wanton acts and omissions of Defendants, judgment should be granted to

3

ELECTRONICALLY FILED - 2020 Jun 25 5:10 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002924

Plaintiff for both actual and punitive damages, statutory damages, attorney's fees, and costs.

## FOR A FIRST CAUSE OF ACTION
## AS TO DEFENDANT REGIONS
### (Breach of Settlement Agreement)

21. The allegations contained hereinabove are repeated as if alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

22. The parties were bound by a contractual relationship.

23. Plaintiff performed the contract as required.

24. By its actions set forth above, Defendants breached the contract, as well as its implied obligation to act in good faith.

25. As a direct and proximate result of the Defendant's breach, Plaintiff has been damaged, and is entitled to damages resulting from Defendant's breach, as well as damages and attorney's fees and costs as provided in the parties' Agreement, including attorney's fees as expressly provided in the event of breach.

## FOR A SECOND CAUSE OF ACTION
## AS TO ALL DEFENDANTS
### (Violation of SC Code 39-5-10, Unfair Trade Practices Act)

26. The allegations contained hereinabove are repeated as if alleged herein verbatim, to the extent not inconsistent with this cause of action.

27. The activities of the Defendants constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

28. The actions of the Defendants above described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as

4

prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

29. The actions of the Defendants have a real and substantial potential for repetition and affect the public interest.

30. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendants, entitling Plaintiff to recover actual damages in an amount to be proven treble said actual damages, and an award of attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
## AS TO DEFENDANT REGIONS
### (Invasion of Privacy)

31. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

32. Plaintiff had a right and an expectation to be left alone.

33. Defendant Regions invaded Plaintiff's privacy by sharing his personal home address and information with a debt collector, who had no legitimate reason to have such information.

34. Defendant further invaded Plaintiff's privacy through that debt collector's sending collection letters to Plaintiff's home address, demanding payment of a sum Defendant knew Plaintiff did not owe.

35. Defendant's conduct was committed in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

36. Defendant's intrusion was substantial and unreasonable.

37. Defendant's intrusion was intentional, or reckless.

38. As a direct and proximate result of the foregoing, Plaintiff has been damaged.

5

ELECTRONICALLY FILED - 2020 Jun 25 5:10 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002924

ELECTRONICALLY FILED - 2020 Jun 25 5:10 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002924

39. Plaintiff should be granted judgment against Defendant for actual damages and punitive damages as authorized by statute and attorney fees, and such other relief as is just and proper.

## FOR A FOURTH CAUSE OF ACTION
## AS TO ALL DEFENDANTS
### (Intentional Infliction of Emotional Distress)

40. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

41. Defendants recklessly or intentionally inflicted severe emotional distress upon the Plaintiff.

42. The conduct was so extreme and outrageous as to exceed all possible bounds of decency, and must be regarded as atrocious and intolerable in a civilized society.

43. The actions of the Defendants caused Plaintiff to suffer severe emotional distress beyond what a reasonable person should be expected to endure.

44. Due to the malicious and intentional acts of Defendants, all in reckless disregard of the rights of the Plaintiff, judgment should be granted to Plaintiff for actual damages, punitive damages, and the costs of this action, all in an amount to be determined by the trier of fact.

## FOR A FIFTH CAUSE OF ACTION
## AS TO DEFENDNAT DEF, LLP
### (Violation of FDCPA)

45. The allegations contained hereinabove are repeated as if alleged herein verbatim, to the extent not inconsistent with this cause of action.

46. Plaintiff is a consumer.

47. Defendant DEF is a debt collector, regularly attempting to collect debts alleged to be due to another.

48. Defendant DEF falsely represented of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

49. Defendant DEF collected or attempted to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by any agreement or permitted by law.

50. Plaintiff should be granted judgment against DEF for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate them for actual damages, with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

BY:     s/ DAVID A. MAXFIELD
        _____
        David A. Maxfield, Esq.,
        SC BAR ID 7163
        P.O. Box 11865
        Columbia, SC 29211
        803-509-6800
        855-299-1656 (fax)
        dave@consumerlawsc.com

June 25, 2020

7

ELECTRONICALLY FILED - 2020 Jun 25 5:10 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002924

## ESI NOTICE

The purpose this NOTICE is to demand you or your client preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above entitled matter, including any communications between parties or attempted communications to or with Plaintiff.

As used in this document, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery in this matter is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information (hereinafter, "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information whether electronically, magnetically, or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must take reasonable steps to secure their compliance.



IDL/CND-000085185

April 7, 2020

Adam M Jordan
1500 Whitaker Dr
Columbia, SC 29206

RE: Creditor: Regions Bank
Account Ending In: 5358 (the "Account")
Reference Number: 000085185
Current Balance Due: $31,223.98

Dear Adam M Jordan:

This firm has been retained by Regions Bank ("Regions") in connection with the above-referenced Account.

Unless you notify this firm within thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this firm will assume that the debt is valid. If you believe that this debt, or any portion thereof, is not valid, you have thirty days from receipt of this letter to dispute the validity of this debt in writing. If you notify this firm in writing within thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this firm will obtain verification of the debt or obtain a copy of a judgment and mail to you a copy of such verification or judgment. Additionally, while Regions is the current creditor, upon written request within thirty days from receipt of this letter, this firm will provide you with the name and address of the original creditor, if different from Regions.

At this time, no attorney with this firm has personally reviewed the particular circumstances of the Account. If you have any questions regarding the Account, please contact Tyrone Reed directly at 678-271-9134 or at our toll-free number, 1-877-219-5222 ext. 5104, between the hours of 8:30 a.m. and 5:30 p.m. EST, Monday through Friday.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

DREW ECKL & FARNHAM, LLP



AJ000006

ELECTRONICALLY FILED - 2020 Jul 06 3:32 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002924

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Adam Jordan,<br>                Plaintiff,<br><br>   vs.<br><br>Regions Banks, NA and Drew, Eckl & Farnham, LLP,<br><br>                Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>Case No. 2020-CP-40-2924<br><br>**ACCEPTANCE OF SERVICE** |

Pursuant to Rule 4(j) of The South Carolina Rules of Civil Procedure, I certify that I, **Mary M. Caskey** _____, have personally accepted service on behalf of Regions Bank, NA in the forgoing Summons and Complaint in this action on the **6th** day of **July**, 2020.

*Mary M. Caskey* (signature)

Mary M. Caskey, Esq.
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, 22nd Floor
Columbia, SC 29201

DATED: **July 6, 2020** _____

Columbia, South Carolina

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| Adam Jordan, | Case No. 2020-CP-40-2924 |
| Plaintiff, | **PROOF OF SERVICE** |
| vs. | |
| Regions Bank, NA and Drew, Eckl & Farnham LLP, | |
| Defendant. | |

I, the undersigned, an employee of Dave Maxfield, Attorney at Law, have served Drew, Eckl & Farnham LLP as registered agent for **Drew, Eckl & Farnham LLP**, by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested on the **9th day of July**, with a **Summons & Complaint** in the above entitled action as shown by the attached receipt.

_____
Janel Streater

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Drew, Eckl & Farnham LLP
303 Peachtree Street NE
Ste. 3500
Atlanta, GA 30308

9590 9402 5924 0049 6390 81

2. Article Number (Transfer from service label)

7017 3040 0000 3678 5832

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 7/9

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt